# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
DEC 04 2023
FILED
DOCKETED
DATE / INITIAL

LEONID P. KRIVOLENKOV
Appellant(s),

vs.
LEVI S. YANDELL
JUAN M. ROLDAN
DMITRIY Y. LISICHENKO
Appellee(s).

9th Cir. Case No. 23-3094

District Court or
BAP Case No. 3:22-cv-00498-SB

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

    a. What is the date of the judgment or order that you want this court to review? **09/21/2023**

    b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: **No.**

    - If you did, on what date did you file the motion? _____

    - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

    - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

    c. What date did you file your notice of appeal? **10/20/2023**

    - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. 23-3094　　　　　　　　　　　　　　　　　　　　Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.　What are the facts of your case?

　　"see attached pages (total 12 pg.)"

9th Cir. Case No. 23-3094　　　　　　　　　　　　　　　　　　　　Page 2

9th Cir. Case No. 23-3094　　　　　　　　　　　　　　　　　　Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?
   1. (A) Punitive damages.
   2. (B) General and special demages (Oregon Tort Claims Act).
   3. (C) Compensatory damages and/or money damges.
   4. (D) Any such other and further relief as the Court may deem just, equitable and proper.

4. What legal claim or claims did you raise in the district court or at the BAP?

   1. Discrimination ADA Title II and 18 U.S. Code § 245.

   2. Falsc Imprisonment, Assault and Battery - Common Law Tort Claim.

   3. Abuse of Process - Common Law Tort Claim.

   4. 42 U.S. Code § 1983 - Excessive Force - Fourth Amendment.

   5. 42 U.S. Code § 1983 - First Amendment.

   6. 42 U.S. Code § 1983 - Fourth Amendment.

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

9th Cir. Case No. 23-3094                                              Page 4

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

   "see attached pages (total 12 pg.)"

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: No.

   If not, why not?

   All parties filed full consent to Magistrate Judge jurisdiction.

   If all parties consent, the appeal route from any final order or judgment entered by a Magistrate Judge is derectly to the United States Court of Appeals for the Ninth Circuit.

   See 28 U.S. Code § 636(c)(3) and Federal Rule of Civil Procedure 73(c).

9th Cir. Case No. 23-3094                                         Page 5

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

1. BLANKENHORN v. CITY OF ORANGE, (2007) No. 04-55938 (Decided: May 8, 2007) (9th Cir.).

2. RANCH v. CITY OF MOSCOW, No. 3:21-cv-00138-MCE (D. Idaho Feb. 1, 2023).

3. CONDIOTTI-WADE v. COMMERCE CITY, COLORADO et al., No. 1:2018-cv-01408 (June 7, 2018).

4. FIELDS v. CITY OF PHILADELPHIA, No. 16-1650 (3rd Cir. 2017).

5. ATTWOOD v. CLEMONS, No. 18-12172 (11th Cir. Jun. 11, 2020).

6. STATE v. CANTWELL, 66 Or App 848, 676 P2d 353 (1984).

7. ORS 30. 265 (Scope of liability of public body, officers, employees and agents).

8. ORS 659A.403 (Discrimination in place of public accommodation prohibited).

9. Oregon House Bill 4301.

10. ORS 131.005(11) (General definitions).

9th Cir. Case No. 23-3094                                                      Page 6

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

   No.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

    No.

LEONID P. KRIVOLENKOV
Name
11411 NE 47th COURT
VANCOUVER, WA 98686
leokrivolenkov250k@gmail.com
Address

Signature

November 28, 2023
Date

9th Cir. Case No. <u>23-3094</u>

**Attachment to Question No. 2**

## STATEMENT OF FACTS

On January 13, 2021, Mr. Krivolenkov entered Multnomah County Courthouse ("the Courthouse") to enquire on the traffic citation and file appropriate documentation. During this visit Mr. Krivolenkov was not wearing a face mask or covering. Mr. Krivolenkov was not prevented from entering to conduct lawful court business. The clerk of the courthouse informed Mr. Krivolenkov that filling(s) of documents by the police officer have not been submitted and Mr. Krivolenkov should return and enquire on the matter the next day.

On January 14, 2021, Mr. Krivolenkov returned and entered the pre-screening security area of the Multnomah County Courthouse (the "Courthouse") to enquire on the same matter. At all relevant times and dates the Courthouse was public property and was open to the public. During this visit Mr. Krivolenkov was stopped and prevented from entering by the security officers of the (MCSO). Security officers stated that face covering is required to enter pursuant to the order of Presiding Judge. Mr. Krivolenkov informed security officers that he is a person with a medical condition, and that he is exempt from wearing a mask. Mr. Krivolenkov was handed a piece of paper that was an informative summary of the

Page | 1 - ATTACHMENT

9th Cir. Case No. <u>23-3094</u>

face covering requirement. This piece of paper did not contain any citing of policy, judicial order, or law. This paper was not signed by any person in official governmental capacity. For those reasons Mr. Krivolenkov requested that officers produce a copy of the Judge's Order. Security officers did not produce such a document at the time.

Failure to produce such a document led Mr. Krivolenkov to reasonably believe that the actions and orders of security officers are not lawful and given the fact that just yesterday (on January 13, 2021) he was allowed to conduct court business but is being denied service on January 14, 2021. Mr. Krivolenkov naturally declined to comply.

At no point did Mr. Krivolenkov attempted to breach the security screening station or forcefully enter the Courthouse.

After the arrival of several other employees-deputies, including named Appellees-Defendants of the Multnomah County Sheriff's Office on duty at the Courthouse, Mr. Krivolenkov was forcefully escorted out of the Courthouse to the exterior.

Mr. Krivolenkov proceeded to walk away towards the street. Mr. Krivolenkov however noticed that he is being followed by several MCSO officers including named Appellees-Defendants. At this point Mr. Krivolenkov stopped and

Page | 2 - ATTACHMENT

9th Cir. Case No. <u>23-3094</u>

while standing outside in the area that was open to the public, surrounded by a wooden barricade which was placed to prevent ("violent protesters, demonstrators and destruction of the Courthouse"), and the area which served as a public access to the entrance of the Courthouse, public sidewalk, easement for individuals on the mobility scooters.

Mr. Krivolenkov began to speak freely, verbally protest, and redress his grievances to the Multnomah County Sheriff's Office officers including named Appellees-Defendants. Mr. Krivolenkov then took out his cell phone and began filming the officers.

MCSO officers including named Appellees-Defendants willfully and intentionally continued to engage with Mr. Krivolenkov and escalate the incident that had previously de-escalated. Mr. Krivolenkov was unlawfully ordered to leave the public property ("Courthouse premises"). Mr. Krivolenkov was engaged in constitutionally protected activity, namely the activity and the clearly established rights protected under the First Amendment of the United States of America. Mr. Krivolenkov was subsequently arrested and placed in hand cuffs. While he was in hand cuffs, Appellees-Defendants Roldan and Lisichenko forcefully placed a face covering over Mr. Krivolenkov's face and escorted him back inside the Courthouse. Mr. Krivolenkov was held on charges of Trespass in Second Degree,

Page | 3 - ATTACHMENT

9th Cir. Case No. 23-3094

Disorderly Conduct in the Second Degree, and Obstruction of Government Administration, but ultimately was not charged with any criminal offenses.

**Attachment to Question No. 6**

## SUMMARY OF ARGUMENT

The district court erred in granting summary judgment to Appellees-Defendants on Mr. Krivolenkov's Constitutional Claims and State Tort Claims finding that there was probable cause to arrest Mr. Krivolenkov for Trespass in the Second Degree, *see Condiotti-Wade v. Commerce City, Colorado et al., 1:2018cv01408 (June 7, 2018).*

**A.   Authority of Judges to issue face coverings Judicial Orders and Enforcement thereof are not supported by Law.**

The District Court did not issue any opinion on the constitutionality, legality, applicability, and requirements of the judicial face coverings order. The initial genuine dispute as to a material fact which remains unresolved, is the legality of the order and authority of the Presiding Judge to issue such Judicial Order. The district court erred in correctly defining the authority of judges granted to them under ORS 1.171. This statute does not grant judges the authority to issue judicial orders to regulate, mandate, and create health policy. Such orders may only be issued upon a person when there is a case being adjudicated before a Court.

Page | 4 - ATTACHMENT

9th Cir. Case No. <u>23-3094</u>

Issuance of such judicial order without a matter adjudicated before a Court requiring a person to wear a face covering triggers a violation of Due Process and further a violation under ORS 659A.403(1).

The district court erred in correctly defining the area as to what the district court referred to as ("Courthouse's walled courtyard") and the definition set forth in PJO No. 2001-00000(1). The "Courthouse's walls of the courtyard" are not part of the original courthouse structure since the Courthouse opened on October 5, 2020, they were only added to the front entrance as a preventive measure to secure the building from violent protestors, etc., as previously stated. Because the wooden walls surrounding the front entrance on the Courthouse take up a portion of the sidewalk, person(s) especial on the mobility devises would use this area as a public access. Therefore, the "walls" in themselves are not relevant, they do not create premises that are under the control of the Courthouse security officers (MCSO) during the hours of operation. The "courtyard" is public property and was open to the public during all relevant times. In early to mid-2023 wall structures were completely removed. Further every person entering the building of the courthouse must first pass through the courtyard, where there are no signs requiring a person to wear a face covering. Next into the lobby and up to the security screening area.

All persons "attempting to enter the Courthouse" were allowed even without

Page | 5 - ATTACHMENT

9th Cir. Case No. 23-3094

a face covering and must proceed through courtyard and entrance lobby in order to retrieve a face covering from MCSO security officers if needed.

There is no dispute that Mr. Krivolenkov was standing outside of the Courthouse and essentially in compliance with MCSO officers. The Presiding Judge's Order does not extend to the exterior of the Courthouse, and therefore Mr. Krivolenkov was not violating the face covering order, and thus had no obligation to comply with unlawful order to leave the exterior of the Courthouse public property, *See Rench v. City of Moscow, 3:21-cv-00138-MCE (D. Idaho Feb. 1, 2023)* ( Finding that absent violation of the Order or any other law, it is also unclear what justification existed for requiring plaintiffs to identify themselves or for charging them with obstruction). As in this case Mr. Krivolenkov was standing outside where the PJO was not in effect and could not be lawfully enforced.

Furthermore, Mr. Krivolenkov was not arrested or held in contempt of Court for any alleged violation of the Face Covering Requirements. There was no lawful, rational basis and reasonable justification for Appellees-Defendants including MCSO officers to order Mr. Krivolenkov to leave Courthouse premises and to arrest him for trespassing.

> **B.   Mr. Krivolenkov has a Constitutional Right to Remain on Public Property while Engaging in Protected Activities and to be Free from Unreasonable Searches and Seizures**

Page | 6 - ATTACHMENT

9th Cir. Case No. 23-3094

The district court relied on *State v. Babson, 355 Or. 383, 387 (2014)* (rejecting a facial challenge to the defendants' convictions for second-degree criminal trespass for conducting an overnight vigil on the steps of the state capital).

Mr. Krivolenkov did not remain on the Courthouse premises overnight, but rather remained on public property that at the time was open to the public.

The district court further erred in only focusing on one single element of the First Amendment "filming". Mr. Krivolenkov was not only filming but was also engaged in Freedom of Speech and Protesting the unlawful police conduct. In *Condiotti-Wade v. Commerce City et. al.*, Commander Mark Morgan, Dickey's supervisor clearly articulates that "It's not disorderly conduct", and "It's not trespassing". As previous discussed, in the absence of violation of the Order or any other law, it is unclear what justification existed for requiring Mr. Krivolenkov to leave Courthouse premises and to arrest him for trespass.

Here in this case the district court erred in granting summary judgment and finding that there was probable cause to arrest Mr. Krivolenkov. The district court erred to clearly articulate what facts gave rise for the Appellees-Defendants to order Mr. Krivolenkov to leave Courthouse premises. The district court only focuses on the fact that Mr. Krivolenkov did not leave the premises when asked.

The issue of lawfulness of the order to leave premises is still in dispute and unresolved. This court should find that PJO or any other law was not violated.

9th Cir. Case No. 23-3094

Upon these findings, the order to leave Courthouse premises and subsequent probable cause for the arrest fails as a matter of Law.

The district court erred in granting summary judgment on the False Arrest Claim and False Imprisonment Claim. In the absence of probable cause, the arrest is conclusively false and clearly established case law supports these facts.

A warrantless arrest that is not supported by probable cause violates the rights protected under the Fourth Amendment of the United of America.

### C.  Mr. Krivolenkov has a Constitutional right to be free from Excessive Force

The district court erred in granting summary judgment on Mr. Krivolenkov's Excessive Force Claim. The district court did not take into consideration all records and force that was used against Mr. Krivolenkov. The district court improperly took "briefly struggled" (Appellee-Defendant Yandell statement in his declaration). First, the district court erred in finding that the record of Mr. Krivolenkov does not support statement "I advised Mr. Krivolenkov he was under arrest" made by Appellee-Defendant Yandel in his declaration (*see* Yandell Decl. 12). Second, the district court did not cross reference other records where in the deposition of Mr. Krivolenkov, he clarified that "my struggle was – is I had been – attempted to maintain my balance not to be thrown on the ground and body

Page | 8 - ATTACHMENT

9th Cir. Case No. 23-3094

slammed by multiple deputies", (*see* Dep. of Mr. Krivolenkov pg. 56 (18) Line 13-15).

This Court should conclude that the "briefly struggled" does not involve any elements of resisting arrest. Further, Mr. Krivolenkov was not charged with any crime related to resisting arrest or being taken into custody.

There is clear evidence that after Mr. Krivolenkov was placed in custody and hand cuffs were placed, Appellees-Defendants forcefully placed a face covering over his face. In *Blankenhorn v. City of Orange, 485 F. 3d 463 - Court of Appeals, (9th Circuit 2007)*, the Court concluded that the officers' precipitate actions in making the arrest could reasonably be considered "provocative". Further finding that the use of hobble restraints was excessive under the circumstances.

As in this case the Court should find that the arresting officers and Appellees-Defendants are not entitled to summary judgment on Mr. Krivolenkov's claim of excessive force. This court should find that among other uses of force, the use of face covering was punitive and excessive under the circumstances.

### D.  Mr. Krivolenkov is entitled to Fair Due Process on His State Law Claims

The district court erred in granting summary judgment on all state law claims finding that Mr. Krivolenkov has failed to present a genuine dispute of material fact with respect to whether his arrest was unlawful. Determination of lawfulness of the arrest is an issue that is best left for the jury to decide.

Page | 9 - ATTACHMENT

9th Cir. Case No. 23-3094

Mr. Krivolenkov has presented more than ample evidence, that Appellees-Defendants and other officers did not have lawful authority to order him to leave the Courthouse premises in the absence of violation of PJO or any other law.

The district court erred in the interpretation of all related statues related to the Oregon Tort Claims Act. Under ORS 30.265(3) ("If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272, 30.273… the court upon motion shall substitute the public body as the defendant.") (simplified). The district court, granting summary judgment on all state law claims and by dismissing the case with prejudice violated Mr. Krivolenkov's right to Due Process.

## CONCLUSION

Because of the presence of the genuine dispute of material fact with respect to whether the PJO, the face covering requirement is lawful, enforceable, applicable under the circumstances, whether the arrest was lawful, and the force used was reasonable. The Court should conclude that granting summary judgment to the Appellees-Defendants on all Mr. Krivolenkov's Constitutional Claims and State Law Claims was improper.

Page | 10 - ATTACHMENT

9th Cir. Case No. 23-3094

## Plea for Judgment of False Accusers

### To the Chief Musician. A Psalm of David.

**109** Do not keep silent,
O God of my praise!
² For the mouth of the wicked and the mouth of the deceitful
Have opened against me;
They have spoken against me with a lying tongue.
³ They have also surrounded me with words of hatred,
And fought against me without a cause.
⁴ In return for my love they are my accusers,
But I *give myself to* prayer.
⁵ Thus they have rewarded me evil for good,
And hatred for my love.

⁶ Set a wicked man over him,
And let an accuser stand at his right hand.
⁷ When he is judged, let him be found guilty,
And let his prayer become sin.
⁸ Let his days be few,
*And* let another take his office.
⁹ Let his children be fatherless,
And his wife a widow.
¹⁰ Let his children continually be vagabonds, and beg;
Let them seek *their bread* also from their desolate places.
¹¹ Let the creditor seize all that he has,
And let strangers plunder his labor.
¹² Let there be none to extend mercy to him,
Nor let there be any to favor his fatherless children.
¹³ Let his posterity be cut off,
*And* in the generation following let their name be blotted out.

¹⁴ Let the iniquity of his fathers be remembered before the LORD,
And let not the sin of his mother be blotted out.
¹⁵ Let them be continually before the LORD,
That He may cut off the memory of them from the earth;
¹⁶ Because he did not remember to show mercy,
But persecuted the poor and needy man,
That he might even slay the broken in heart.
¹⁷ As he loved cursing, so let it come to him;

Page | 11 - ATTACHMENT

9th Cir. Case No. 23-3094

As he did not delight in blessing, so let it be far from him.
[18] As he clothed himself with cursing as with his garment,
So let it enter his body like water,
And like oil into his bones.
[19] Let it be to him like the garment which covers him,
And for a belt with which he girds himself continually.
[20] Let this be the LORD's reward to my accusers,
And to those who speak evil against my person.

[21] But You, O GOD the Lord,
Deal with me for Your name's sake;
Because Your mercy is good, deliver me.
[22] For I am poor and needy,
And my heart is wounded within me.
[23] I am gone like a shadow when it lengthens;
I am shaken off like a locust.
[24] My knees are weak through fasting,
And my flesh is feeble from lack of fatness.
[25] I also have become a reproach to them;
When they look at me, they shake their heads.

[26] Help me, O LORD my God!
Oh, save me according to Your mercy,
[27] That they may know that this is Your hand—
That You, LORD, have done it!
[28] Let them curse, but You bless;
When they arise, let them be ashamed,
But let Your servant rejoice.
[29] Let my accusers be clothed with shame,
And let them cover themselves with their own disgrace as with a mantle.

[30] I will greatly praise the LORD with my mouth;
Yes, I will praise Him among the multitude.
[31] For He shall stand at the right hand of the poor,
To save him from those who condemn him.

Psalm 109 NKJV

Page | 12 - ATTACHMENT

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are not registered for Appellate Electronic Filing.

**Instructions**

- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s)** 23-3094

**Case Name** Krivolenkov v. Yandell, et al.

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the Appellant's Informal Opening Brief and Attachment(s) and any attachments. *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature** [signature]  **Date** Nov 28, 2023

| Name | Address | Date Served |
|---|---|---|
| Jenny M. Madkour | 501 S.E. Hawthorne Blvd., Suite 500 Portland, OR 97214 | Nov 28, 2023 |
| Andrew T. Weiner | 501 S.E. Hawthorne Blvd., Suite 500 Portland, OR 97214 | Nov 28, 2023 |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25**  *Rev. 12/01/2018*