**FILED**

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONID P. KRIVOLENKOV, | No. 23-3094 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-00498-SB |
| v. | |
| LEVI S. YANDELL; JUAN M. ROLDAN; DMITRIY Y. LISICHENKO, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge,** Presiding

Submitted May 22, 2025***

Before: O'SCANNLAIN, GRABER, AND BERZON, Circuit Judges.

Leonid P. Krivolenkov appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action against several employees of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Multnomah County Sheriff's Office in connection with their enforcement of judicial orders imposing a COVID-19 mask mandate in the Multnomah County Courthouse. Krivolenkov alleged violations of the Americans with Disabilities Act ("ADA"), his First and Fourth Amendment rights, and state law. We have jurisdiction under 28 U.S.C. § 1291 and, on de novo review, *Barton v. Off. of Navajo*, 125 F.4th 978, 982 (9th Cir. 2025), we affirm.

    1. The district court properly granted summary judgment on Krivolenkov's ADA claims because a plaintiff cannot bring an action under § 1983 against a state official in the official's individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

    2. The district court properly granted summary judgment on Krivolenkov's discrimination claim under 18 U.S.C. § 245 because criminal statutes do not give rise to civil liability. *Agnew v. City of Compton*, 239 F.2d 226, 230 (9th Cir. 1956), 1956), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24, 28–30 (9th Cir. 1962).

    3. The district court properly granted summary judgment on Krivolenkov's Fourth Amendment and state-law claims for false arrest and false imprisonment because he failed to raise a triable dispute as to whether Defendants lacked probable cause to arrest him for criminal trespass. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (explaining that,

to prevail on a § 1983 claim for false arrest, the plaintiff must demonstrate there was no probable cause to arrest him); *Mouktabis v. Clackamas County*, 536 P.3d 1037, 1047 (Or. Ct. App. 2023) (recognizing that probable cause renders an arrest lawful as a matter of law for purposes of a false imprisonment claim).

4. The district court properly granted summary judgment on Krivolenkov's Fourth Amendment claim for excessive force, after considering the appropriate factors. *See Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (listing factors to consider: 1) "the severity of the intrusion on the individual's Fourth Amendment rights[,] by evaluating the type and amount of force inflicted," 2) "the government's interest in use of force," and 3) "the balance between the gravity of intrusion. . . and government's need for that intrusion" (citation and internal quotation marks omitted)).

5. The district court properly granted summary judgment on Krivolenkov's First Amendment claim alleging that Defendants arrested him in retaliation for recording them with his cell phone. Defendants had probable cause for the arrest, and there was no triable dispute as to whether otherwise similarly situated individuals engaging in the same conduct were not arrested. *See Nieves v. Bartlett*, 587 U.S. 391, 398, 406–07 (2019) (explaining that probable cause generally defeats a claim for retaliatory arrest, unless otherwise similarly situated individuals engaged in the same sort of protected speech were not arrested).

6. The district court properly granted summary judgment on Krivolenkov's state-law claims for assault and battery and abuse of process in connection with his arrest. Krivolenkov failed to raise a triable dispute as to whether Defendants intended to inflict harmful or offensive contact when they arrested him, or whether they had an ulterior purpose for arresting him. *See Cook v. Kinzua Pine Mills Co.*, 293 P.2d 717, 723 (Or. 1956) (defining "assault" and "battery"); *Singh v. McLaughlin*, 297 P.3d 514, 524 (Or. Ct. App. 2013) (defining abuse of process).

7. We decline to review any remaining issues, as they were not raised before the district court. *Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009).

**AFFIRMED.**